Judge Owsley

delivered the opinion of the Court.
The plaintiff in error in these cases., was plaintiff in the court below, and judgment wan rendered against him in each case, on demurrer to his declaration. The agreement upon which each action is founded, was signed and sealed by both plaintiff and defendant, and contains stipulations to be performed by each party. The stipulation on the part of the plaintiff is not, in either case, treated by him in his declaration, as a condition precedent to the performance of the covenant on the part of the defendant, but without averring a performance, or any excuse for the non-performance, on his part, he proceeds in each case to allege a breach of the covenant on the part of the defendant.
The question made by the demurrer, and decided by the court below, in each case, and the only one now raised by the assignment of errors in either case, involves the inquiry whether or not the mutual stipulations or covenants of the parties contained in the agreements upon which the respective actions are founded, be dependent or independent. If the covenants contained in the agreement upon which either action is founded, be dependent, the demurrer to the declaration in that action must doubtless have been correctly sustained, because in neither of the actions has the plaintiff, in his declaration, averred a performance of the covenant on his part, or alleged any thing to excuse the failure by him; but if the covenants contained in each agreement be independent, then there was no necessity for the plaintiff, in either action, to aver a performance of the covenant on his part; and of course, the omission to make such averment cannot have justified the circuit court in sustaining the demurrer to either declaration.
Liberty of covenaIlts‘
Intention oí' the parties to be collected from the whole instrument, and not to be ascertained by any artificial rules, in determining whether g. covenant shall be understood a condition precedent or not.
Dependent oovenants.
In deciding upon the dependency or independency of the covenants in each of these cases, but little is necessary to be said, other than express an opinion as to the construction which should be put upon Respective agreements. Every question of this sort must necessarily resolve itself into a question of construction. The contracting parties have an undoubted right to make their agreement on terms most acceptable to themselves, provided the purpose be lawful. They are not prohibited from so moulding their agreement, as to make the covenants to be performed by the one party either dependent or independent of the covenants to be performed by the other; and whether the agreement be made the one way or the other, it is equally incumbent upon the court to give it effect according to the intention and meaning of the parties.
That intention and meaning must always be collected, more from the good sense of the case and the language used by the contracting parties, than from any artificial rules which can be adopted, or from any light to be derived from adjudged cases. Hence we have not thought it necessary, or that it would be even profitable as a precedent in future cases, to iranspfibe either of the agreements upon which the^e actions are founded, or’to do more than express the opinion we have formed as to the construction of each agreement.
That opinion, therefore, is, that the covenants contained in the agreement upon which the action against Mann is founded, must be understood to be dependent, and that the declaration of the plaintiff in that case, is consequently, insufficient, and was correctly so adjudged by thp circuit court; but the covenants contained in each of the other agreements, upon which the actions against Moore and Threld-kell are founded, are not understood to be dependent, and the circuit court in each of those cases erred in adjudging the plaintiff’s declarations bad.
The judgment in the cas.e against Mann must, therefore, be affirmed with .cost; and the judgments in the other cases against Moore and Threldkell, must be reversed with cost, those cases each remand *362 ed to the court below, and judgments entered in favor 0f the plaintiff upon the demurrers, unless they obtain leave and withdraw their demurrers, and to the declaration.
.Brown, for plaintiff; Triplett, for defendants.